# BARBER & ASSOCIATES, LLC
### ATTORNEYS AT LAW
### 540 E. FIFTH AVENUE
### ANCHORAGE, ALASKA 99501

Jeff Barber
Adam Winner
Derek Koehler

PHONE: (907) 276-5858
FAX: (907) 276-5817

RECEIVED
APR 0 7 2023
LAW-CIVIL-ANC

April 6, 2023

**CERTIFIED MAIL**
**RESTRICTED DELIVERY**
Chief of the Attorney General's Office
State of Alaska, Department of Law
1031 W 4th Avenue, Suite 200
Anchorage, AK 99501

Re:     Aaron Isenhour v State of Alaska, Department of Law and David Bozman,
        Case No. 3HO-23-00063CI

Dear Mr. Taylor:

Enclosed are copies of the following

1.      Complaint;
2.      Summons and Notice to both parties of Judicial assignment.

Thank you.

Sincerely,
BARBER & ASSOCIATES, LLC

s/Jeff Barber

JEFF BARBER
Attorney at Law

4643/L Service.SOA
Enclosures

FILED IN THE ALASKA TRIAL COURTS ON 3/28/2023

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT HOMER

AARON ISENHOUR, )
)
Plaintiff, )
)
vs. )
)
STATE OF ALASKA, )
DEPARTMENT OF LAW, and )
DAVID BOZMAN, )
)
Defendant. )
_____ )

CASE NO. 3HO-23-00063CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: STATE OF ALASKA, DEPARTMENT OF LAW

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 3670 Lake Street, Homer, Alaska 99603 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) JEFF BARBER, whose address is: 540 E. 5th Avenue, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form Notice of Change of Address / Telephone Number (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R.Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendants

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge _Bride Seifert_
and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

_4/4/2023_
Date

By: _____
Deputy Clerk

I certify that on _4-4-23_ a copy of this Summons was ☒ Emailed [ ] given to
☒ plaintiff [ ] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _DK_

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside of the United States, you also have 40 days to file your answer.

Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff


IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN HOMER

AARON ISENHOUR,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )
                                         )
STATE OF ALASKA,                         )
DEPARTMENT OF LAW and                    )
DAVID BOZMAN,                            )
                                         )
                    Defendants.          )   Case No. 3HO-23-00063CI
_____)


## COMPLAINT

The plaintiff AARON ISENHOUR, by and through his attorneys Barber &

Associates, LLC, and for her Complaint against the STATE OF ALASKA, DEPARTMENT

OF LAW and DAVID BOZMAN, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1.      At all times material hereto, the plaintiff was and is a resident of the Third Judicial

4643 / 01 Complaint
Isenhour v State et al.
Page 1

District, Alaska.

2.  At all times material hereto, the State of Alaska, Department of Law is a state entity subject to the jurisdiction of the Third Judicial District.

3.  At all times material hereto, David Bozman was and is a resident of the Third Judicial District.

4.  At all times material hereto, David Bozman was acting under color of law as a Trooper for the State of Alaska.

## FACTUAL BACKGROUND

5.  On November 11, 2022, David Bozman was on duty working as an Alaska State Trooper and purportedly conducted an investigation regarding the plaintiff entering a house which the plaintiff owned with his wife to retrieve some items.

6.  Trooper Bozman understood that the plaintiff and his wife Lauren Isenhour were going through a divorce but there were no written court or divorce documents about the use of the house.

7.  Trooper Bozman understood that the plaintiff had spoken to another Trooper about going the house beforehand.

8.  Trooper Bozman understood that the plaintiff had communicated with Lauren Isenhour about going to the house beforehand.

9.  Trooper Bozman understood that a person commits the crime of criminal trespass in

4643 / 01 Complaint
Isenhour v State et al.
Page 2

the first degree if the person enters or remains unlawfully (1) on land with intent to commit a crime on the land; or (2) in a dwelling.

10.     Trooper Bozman was unaware of any order or law which made it unlawful for the plaintiff to enter the house which he owned with his wife.

11.     Trooper Bozman proceeded to arrest the plaintiff for the crime of criminal trespass in the first degree and took the plaintiff to jail.

12.     By reason of the above, the plaintiff's reputation has been greatly injured and he has been brought to public scandal, disrepute, and disgrace, and has been hindered from following and transacting his affairs and suffered great emotional trauma and harm, deprived of freedom and suffered anxiety, pain, suffering, distress, inconvenience and mental anguish.

13.     Trooper Bozman chose not to speak with the other Trooper whom the plaintiff had spoken with beforehand.

14.     Trooper Bozman knew that there was no threat of impending physical harm.

15.     Trooper Bozman knew that there was no exigency.

16.     Trooper Bozman lacked a reasonable basis to arrest the plaintiff.

17.     Trooper Bozman knew or should have known that it was wrong to arrest the plaintiff and put him in jail and acted with malice or personal ill-will or reckless disregard of plaintiff's right to liberty.

4643 / 01 Complaint
Isenhour v State et al.
Page 3

18.     Trooper Bozman falsely stated in his sworn affidavit that the plaintiff agreed to an arrangement where Lauren Isenhour was physically present at the house to pick up personal items.

19.     On information and belief, Trooper Bozman advised Lauren Isenhour that she should apply for a protective order against the plaintiff.

20.     Trooper Bozman had no indication that the plaintiff ever physically harmed Lauren Isenhour or intended to cause physical harm to her.

21.     Trooper Bozman lacked probable cause or reasonable suspicion to believe that a crime had occurred.

22.     Trooper Bozman failed to reasonably investigate.

24.     Trooper Bozman had a duty to know the law in the area where he worked.

25.     Trooper Bozman acted with reckless or callous indifference to the plaintiff's rights

26.     Alternatively Trooper Bozman was negligent and/or grossly negligent and/or reckless.

## CAUSES OF ACTION AGAINST THE STATE

27.     Plaintiff re-alleges paragraphs 1 to 26 as though fully pled herein.

28.     The State is liable for the actions and/or failures to act of its employees acting in the course and scope of their employment under theories of vicarious liability and/or respondeat superior.

4643 / 01 Complaint
Isenhour v State et al.
Page 4

29.     To the extent that David Bozeman's conduct was negligent or grossly negligent, the State is vicariously liable for wrongfully arresting the plaintiff which was a substantial factor in causing harm to the plaintiff.

30.     The State is liable for false imprisonment of the plaintiff.

## CAUSES OF ACTION AGAINST DAVID BOZMAN

31.     The plaintiff re-alleges paragraphs 1 to 30 as though fully pled herein.

32.     The Fourth Amendment guarantees the right to be free from unreasonable seizure.

33.     David Bozman was acting under color of law in the course and scope of his duties for the State when he unlawfully arrested and jailed the plaintiff.

34.     David Bozman's disregard of the plaintiff known rights was an offense to human dignity.

35.     David Bozman is liable for actions which constitute unreasonable seizure in violation of the State and U.S. Constitutions and laws;

36.     David Bozman is liable for violating the rights of the plaintiff to be free from unreasonable seizure guaranteed by the Alaska Constitution and the United States Constitution, 4th Amendment to the U.S. Constitution, U.S. Statute 42 Section 1983, and United States of America Common Law.

37.     David Bozman is liable for violating the Fourteenth Amendment to the US Constitution for depriving the plaintiff's liberty without due process.

4643 / 01 Complaint
Isenhour v State et al.
Page 5

38.     David Bozman acted with reckless or callous indifference to the plaintiff's rights.

39.     Trooper Bozman acted with malice and in violation of the United States and Alaska Constitutions and 42 U.S.C. § 1983.

40.   David Bozman engaged in reckless and capricious conduct that was unreasonable and/or was with deliberate indifference and/or shocks the conscience.

41.   David Bozman's unreasonable, reckless, malicious and unconstitutional actions without justification directly caused the plaintiff to suffer grievous anxiety, distress, deprivation and injury for which he is liable to the plaintiff.

42.   David Bozman is liable for negligent and/or intentional misrepresentation which was a substantial factor in causing harm to the plaintiff.

43.   David Bozman is liable for fraud which was a substantial factor in causing harm to the plaintiff.

44.   David Bozman's acts and omissions evidenced reckless disregard to the interests of the plaintiff and/or were outrageous and entitle plaintiff to exemplary or punitive damages.

45.   David Bozman's conduct with regard to the plaintiff was so egregious that any reasonable Officer would have known this conduct was unlawful.

46.   David Bozman's conduct regarding the plaintiff was willful, reckless, or intentional misconduct, or was done with gross negligence or malice, entitling plaintiff to damages, including punitive damages.

47. To the extent that David Bozman's misconduct described herein so clearly violated U.S. and Alaska law as to which he had clear notice, he was not acting within the scope of his employment, but merely under color of law.

48. Alternatively, David Bozman's conduct regarding the plaintiff was negligent and/or grossly negligent entitling plaintiff to damages.

## PRAYER FOR RELIEF

49. The defendants are liable for past and/or future: pain, suffering, emotional distress, loss of capacity for enjoyment of life, inconvenience, anxiety, deprivation, humiliation and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

50. David Bozman is liable to the plaintiff for damages pursuant to 42 U.S.C. § 1983.

51. David Bozman is liable for exemplary or punitive damages for conduct evidencing reckless disregard to the interests of the plaintiff and/or outrageous conduct.

52. David Bozman is liable for attorneys fees and litigation expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendants for an amount greater than $100,000 (ONE HUNDRED

4643 / 01 Complaint
Isenhour v State et al.
Page 7

THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and

attorney fees, injunctive relief described above, and such other relief as the court deems just.

DATED at Anchorage, Alaska this 30th day of January, 2023.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: __/s/ Jeff Barber__
    JEFF BARBER
    AK Bar #0111058

US POSTAGE $014.99°

PITNEY BOWES

ZIP 99501
02 7H
0006022750

APR 06 2023

FIRST-CLASS

CERTIFIED MAIL®

7021 2720 0003 0591 1288

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501

CHIEF OF THE ATTORNEY
GENERAL'S OFFICE
1031 W 4TH AVE, STE 200
ANCHORAGE, AK 99501

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT HOMER

AARON ISENHOUR,                    )
                                   )
              Plaintiff,           )
                                   )
vs.                                )
                                   )    CASE NO.  3HO-23-00063CI
STATE OF ALASKA,                   )
DEPARTMENT OF LAW, and             )
DAVID BOZMAN,                      )
                                   )    SUMMONS AND
              Defendant.           )    NOTICE TO BOTH PARTIES
                                   )    OF JUDICIAL ASSIGNMENT

To Defendant: STATE OF ALASKA, DEPARTMENT OF LAW

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons.  Your answer must be filed with the court at 3670 Lake Street, Homer, Alaska 99603 within 20 days* after the day you receive this summons.  In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) JEFF BARBER, whose address is: 540 E. 5th Avenue, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number.  You may use court form Notice of Change of Address / Telephone Number (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. – OR – If you have an attorney, the attorney must comply with Alaska R.Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendants

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge _Bride Seifert_
   and to a magistrate judge.
☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

_4/4/2023_                                    By: _____
   Date                                              Deputy Clerk

I certify that on _4/4/23_ a copy of this Summons was ☒Emailed [ ] given to
☒plaintiff   [ ] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order   [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _DK_

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside of the United States, you also have 40 days to file your answer.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

AARON ISENHOUR,                          )
                                          )
    Plaintiff,           )
                                          )
vs.                                       )
                                          )
STATE OF ALASKA,                          )
DEPARTMENT OF LAW and                     )
DAVID BOZMAN,                             )
                                          )
    Defendants.          )     Case No. 3HO-23-00063CI
_____

**RECEIVED**

APR 19 2023

**LAW-CIVIL-ANC**

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:    (907) 276-5817

## <u>**AFFIDAVIT OF CIVIL RULE 4 PROCESS**</u>

STATE OF ALASKA            )
                            ) ss:
THIRD JUDICIAL DISTRICT    )

I, Angela Miller, being duly sworn, do hereby state as follows:  That I am employed at BARBER & ASSOCIATES, LLC; that copies of the Summons and Complaint  were served by certified mail to Treg Taylor, AG, Alaska Department of Law in Juneau on April 10, 2023 (Exhibit 1 attached), that copies of the Summons and Complaint were served by certified mail to the Chief of the Attorney General's Office in Anchorage on April 6, 2023 (Exhibit 2 attached), that copies of the Summons and Complaint were served by certified mail to David Bozman on April 8, 2023 (Exhibit 3 attached); that all defendants in this action have been served.

4643/02 Affidavit of Civil Rule 4 Process
Isenhour v SOA et al.; Case No. 3HO-23-00063CI
Page 1
Case 3:23-cv-00104-JMK   Document 5-1   Filed 05/25/23   Page 13 of 49

_Angela Miller_
Angela Miller

SUBSCRIBED AND SWORN to before me this 18ᵗʰ day of April, 2023.

STATE OF ALASKA
NOTARY PUBLIC
Tamara M. Hansen
My Commission Expires Jul 10, 2025

Notary Public in and for Alaska
My Commission Expires: 7/10/25

This is to certify that on this date
a copy of the foregoing was served
by (x) mail ( ) fax ( ) hand to:

Treg Taylor, AG
State of Alaska
Department of Law
PO Box 110300
Juneau, AK 99811

Chief of the Attorney General's Office
Department of Law
State of Alaska
1031 W 4ᵗʰ Ave., Suite 200
Anchorage, AK 99501

David Bozman
PO Box 617
Anchor Point, AK 99556

_Angie Miller 4.18.23_
Angie Miller               Date

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

4643/02 Affidavit of Civil Rule 4 Process
Isenhour v SOA et al.; Case No. 3HO-23-00063CI
Page 2

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Trag Taylor AG
SOA Dept of Law
PO Box 110300
Juneau AK 99811

9590 9402 7315 2028 6356 42

**2. Article Number** *(Transfer from service label)*

7021 2720 0003 0591 1264

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X ☐ Agent
  ☐ Addressee

**B. Received by** *(Printed Name)*    **C. Date of Delivery**

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

APR 10 2023
State of Alaska
Department of Administration
Central Mail Services

**3. Service Type**
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☒ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

**Domestic Return Receipt**

Exhibit ___1___
Page ___1___ of ___1___

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chief of Attorney General's
Office
1031 W 4th Ave Ste 200
Anchorage AK 99501

|||||||||||||||||||||||||||||||||||||||||||||||||

9590 9402 7315 2028 6356 28

2. Article Number *(Transfer from service label)*

7021 2720 0003 0591 1288

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

APR 06 2023

LAW CIVIL AND

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**Domestic Return Receipt**

PS Form 3811, July 2020 PSN 7530-02-000-9053

Exhibit  2
Page  1  of  1

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Bozman
PO Box 617
Anchor Point AK
99556

9590 9402 7315 2028 6356 35

2. Article Number *(Transfer from service label)*

2720 0003 0591 1271

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

DAvi DBozmin      4/8/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Exhibit ___3___
Page ___1___ of ___1___



US POSTAGE ᵀᴹ PITNEY BOWES

$ 000.84°

ZIP 99501
02 7H
0006022750    APR 18 2023

FIRST-CLASS

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. 5th Avenue
Anchorage, AK 99501-2636

Chief of the Attorney General's Office
Department of Law
State of Alaska
1031 W 4th Ave., Suite 200
Anchorage, AK 99501

JEFF BARBER
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

| | |
|---|---|
| AARON ISENHOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF ALASKA, | ) |
| DEPARTMENT OF LAW and | ) |
| DAVID BOZMAN, | ) |
| | ) |
| Defendants. | ) Case No. 3HO-23-00063CI |
| | ) |

## DEMAND FOR JURY TRIAL

COMES NOW the plaintiff, AARON ISENHOUR, by and through his attorneys,

BARBER & ASSOCIATES, LLC, and requests a jury trial on all triable issues.

DATED at Anchorage, Alaska this _____ day of April, 2023.

BARBER & ASSOCIATES, LLC
Attorneys for the Plaintiff

JEFF BARBER
ABA No. 0111058

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

4643/03 Demand for Jury Trial
Isenhour v SOA et al; Case No. 3HO-23-00063CI
Page 1

BARBER & ASSOCIATES, LLC

ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:      (907) 276-5817

CERTIFICATE OF SERVICE
This is to certify that on this date
a copy of the foregoing was served
by ( ✓ ) email ( ) mail ( ) fax ( ) hand to:

Kimberly A. Tsaousis
Assistant Attorney General
Department of Law, Civil Division
1031 W 4th Avenue, Suite 200
Anchorage, AK 99501
kimberly.tsaousis@alaska.gov


_____     _____
Angie Miller                          Date


4643/03 Demand for Jury Trial
Isenhour v SOA et al; Case No. 3HO-23-00063CI
Page 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

AARON ISENHOUR,                          )
                                         )
      Plaintiff,                 )
                                         )
v.                                       )
                                         )
STATE OF ALASKA, DEPARTMENT              )
OF LAW, and DAVID BOZMAN,                )
                                         )
      Defendants.                )    Case No. 3HO-23-00063CI

## CERTIFICATE OF SERVICE

I certify that on April 28, 2023, true and correct copies of the **Entry of Appearance; Answer;** and this **Certificate of Service** were served on the following via email without error:

      Jeffrey J. Barber
      Barber and Associates, LLC
      jeffb@alaskainjury.com
      angiem@alaskainjury.com

                      s/Nicole Kisor/
                      Nicole Kisor
                      Law Office Assistant

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

| | |
|---|---|
| AARON ISENHOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, DEPARTMENT | ) |
| OF LAW, and DAVID BOZMAN, | ) |
| | ) |
| Defendants. | ) Case No. 3HO-23-00063CI |

**ENTRY OF APPEARANCE**

Please take notice that Kimberly A. Tsaousis for the State of Alaska, Department

of Law, 1031 West Fourth Avenue, Ste. 200, Anchorage, AK 99501, telephone: (907)

269-5190, fax: (907) 276-3697; hereby enters her appearance as counsel of record in the

above-captioned matter on behalf of the State of Alaska and David Bozman.

Copies of all notices, motions, and pleadings should be sent to the address

referenced above.

DATED: April 28, 2023.

TREG TAYLOR
ATTORNEY GENERAL

By:  s/Kimberly A. Tsaousis/
Kimberly A. Tsaousis
Assistant Attorney General
Alaska Bar No. 1211127

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

AARON ISENHOUR,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF ALASKA,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DEPARTMENT OF LAW, and⠀⠀⠀⠀)
DAVID BOZMAN,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Case No. 3HO-23-00063CI

Department of Law, Civil Division
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

## ANSWER

The Defendants, the State of Alaska, Department of Law (State of Alaska), and Alaska State Trooper David Bozman (Trooper Bozman), by and through the Office of the Attorney General, answer the complaint in this action as follows:

### JURISDICTION AND VENUE

1.⠀⠀⠀⠀Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, defendants admit that the state court has jurisdiction of this matter.

2.⠀⠀⠀⠀On information and belief, paragraph 2 is admitted.

### PARTIES

3.⠀⠀⠀⠀Defendants admit that at all relevant times the named individual defendant Trooper Bozman was a resident of the Third Judicial District.

Department of Law, Civil Division
1031 W. 4ᵗʰ Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

4.     To the extent paragraph 4 states a legal conclusion, no response is required. To the extent a response is required, defendants admit Trooper Bozman is an employee of the State of Alaska, Department of Public Safety, and that at all relevant times Trooper Bozman operated within the course and scope of his employment with the State of Alaska.

## GENERAL ALLEGATIONS

5.     Defendants admit that Trooper Bozman was on duty on November 11, 2022, when plaintiff called the Troopers and reported to Trooper Bozman that he had broken into his own house. Defendants further admit that plaintiff informed Trooper Bozman that plaintiff had not lived in that residence for approximately six months, that he did not have a key, and that plaintiff's spouse, L.I., still lived in that residence. Defendants admit that after further investigation Trooper Bozman arrested plaintiff on one count of first-degree criminal trespass.

6.     Defendants object to use of the term "understood" in the allegations in this paragraph as vague. Without waiving this objection, defendants admit that plaintiff and plaintiff's spouse, L.I., told Trooper Bozman that they were in the process of a divorce. Defendants further admit that after plaintiff told Trooper Bozman he technically just broke into his own house plaintiff also stated that he and L.I. did not have any agreements or court orders regarding the house.

*Isenhour v. SOA, Bozman*
State of Alaska's Answer

Court Case No. 3HO-23-00063CI
Page 2 of 10

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190   Fax: (907) 276-3697

7.     Defendants object to use of the term "understood" in the allegations in this paragraph as vague. Without waiving this objection, Defendants admit that on November 11, 2022, plaintiff told Trooper Bozman he had previously called the Alaska State Troopers about one week prior.

8.     Defendants object to use of the term "understood" in the allegations in this paragraph as vague. Without waiving this objection, defendants admit that on November 11, 2022, plaintiff told Trooper Bozman that plaintiff gave L.I. notice when he would go to the house where she resided and that L.I. "always wants to be there when I'm there."

9.     Defendants object to use of the term "understood" in the allegations in this paragraph as vague. Without waiving this objection, defendants admit that under Alaska Statute 11.46.320 a person commits the crime of criminal trespass in the first degree if the person enters or remains unlawfully (1) on land with intent to commit a crime on the land; or (2) in a dwelling.

10.    Defendants object to the allegations in paragraph 10 as vague. Without waiving this objection, defendants admit that on November 11, 2022, Trooper Bozman reasonably believed it was unlawful for plaintiff to break into the house where L.I. resided.

*Isenhour v. SOA, Bozman*
State of Alaska's Answer

Court Case No. 3HO-23-00063CI
Page 3 of 10

Department of Law, Civil Division
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

11.     Defendants admit that on November 11, 2022, Trooper Bozman arrested the plaintiff on a charge of first-degree criminal trespass, a crime of domestic violence pursuant to AS 18.66.990(3) that is subject to AS 18.65.530, Alaska's mandatory arrest statute.

12.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore deny the same.

13.     Defendants object to the allegations in this paragraph as irrelevant, and vague as to time and the identity of "the other Trooper." Defendants are without knowledge or information sufficient to admit or deny the underlying allegation that plaintiff spoke to an unidentified trooper at an unidentified time and therefore deny the same.

14.     To the extent paragraph 14 states a legal conclusion no response is required. To the extent a response is required, defendants object to the allegations in this paragraph as vague and overbroad, lacking any specific timeframe or identifying details. Defendants further object to the allegations in this paragraph as irrelevant since "threat of impending physical harm" is not an element of criminal trespass in the first degree.

15.     To the extent paragraph 15 states a legal conclusion no response is required. To the extent a response is required, defendants object to the allegation in this paragraph as vague and overbroad, lacking any specific timeframe or identifying details.

Defendants further object to the allegation as irrelevant since exigency is not an element of criminal trespass in the first degree.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in this paragraph as written. However, defendants admit that on November 11, 2022, plaintiff told Trooper Bozman that L.I. always wanted to be present when plaintiff was at the house and that he that he provided L.I. notice when he was headed to the house, which would lead a reasonable officer to conclude that plaintiff had agreed to this arrangement.

19. Defendants admit that on November 11, 2022, Trooper Bozman complied with AS 18.65.520(a) when he advised L.I. of her rights as a victim of domestic violence. Defendants further admit that AS 18.65.520(a) requires a peace officer investigating a crime involving domestic violence to inform the victim of their rights and the services available to them, including the availability of a domestic violence protective order and "the right to request that the officer assist in providing for" the victim's "safety, including asking for an emergency protective order."

20. Defendants admit that on November 11, 2022, L.I. told Trooper Bozman that plaintiff was an unsafe person who had never been physically aggressive with her but who was unstable. Defendants further admit that L.I. explained to Trooper Bozman how she removed all of the guns from the residence before she asked plaintiff for a divorce, that the chances of plaintiff escalating and getting out of control were high, and

that she felt extremely unsafe with him showing up at the house where she continued to reside.

21.     Defendants deny the allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22.

23.     Plaintiff's complaint does not include a paragraph 23.

24.     The allegations in paragraph 24 state a legal conclusion to which no response is required. The phrase "know the law in the area where he worked" is vague and overbroad as troopers have statewide jurisdiction and their work covers a broad range of civil and criminal laws. To the extent an answer is required, defendants admit that state troopers are expected to reasonably interpret and apply certain Alaska criminal and civil laws, including those involving crimes of domestic violence and the mandatory arrest requirements in AS 18.65.530.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants deny the allegations in paragraph 26.

## CAUSES OF ACTION AGAINST THE STATE

27.     In response to the allegations in paragraph 27, defendants re-allege and incorporate by reference their responses to paragraphs 1 through 26, above, as though fully set forth herein.

*Isenhour v. SOA, Bozman*
State of Alaska's Answer
Case 3:23-cv-00104-JMK   Document 5-1   Filed 05/25/23   Page 28 of 49

Court Case No. 3HO-23-00063CI
Page 6 of 10

Department of Law, Civil Division
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

28.     The allegations in paragraph 28 state a legal conclusion to which no response is required. To the extent a response is required, the State of Alaska denies the allegations in this paragraph because they are vague and they do not identify any specific employees or conduct.

29.     The State of Alaska denies the allegations in paragraph 29.

30.     The State of Alaska denies the allegations in paragraph 30.

**CAUSES OF ACTION AGAINST DAVID BOZMAN**

31.     In response to the allegations in paragraph 31 defendants re-allege and incorporate by reference their responses to paragraphs 1 through 30, above, as though fully set forth herein.

32.     The allegations in paragraph 32 contain a legal conclusion to which no response is required.

33.     Defendants admit that Trooper Bozman was acting under color of law in the course and scope of his duties as an Alaska State Trooper when he investigated and arrested plaintiff on November 11, 2022. Defendants deny that Trooper Bozman's conduct was unlawful.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

*Isenhour v. SOA, Bozman*                                    Court Case No. 3HO-23-00063CI
State of Alaska's Answer                                                            Page 7 of 10
Case 3:23-cv-00104-JMK   Document 5-1   Filed 05/25/23   Page 29 of 49

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190 Fax: (907) 276-3697

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

## PRAYER FOR RELIEF

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred under one or more doctrines of immunity, including absolute immunity, qualified immunity, the intentional tort and discretionary immunity outlined in AS 09.50.250, and any other applicable immunities.

Department of Law, Civil Division
1031 W. 4ᵗʰ Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

3. Plaintiff's damages, if any, were proximately caused or contributed to by plaintiff Aaron Isenhour's own contributory negligence or other conduct, with the result that plaintiff's damages, if any, must be proportionately reduced pursuant to AS 09.17.080.

4. Plaintiff's damages, if any, were caused by the intentional acts, omissions, and/or willful misconduct of others for whom defendants are not liable or responsible.

5. The defendants reserve the right to assert additional defenses and other matters as the case proceeds.

6. Plaintiffs may not recover punitive damages against the State of Alaska pursuant to AS 09.17.020.

The State of Alaska and Trooper Bozman seek the following relief:

1. That the complaint be dismissed in its entirety with prejudice.

2. That the plaintiff's prayer for relief be denied.

3. That, in the event plaintiff recovers a judgment, fault is allocated pursuant to AS 09.17.080.

4. That the defendants be awarded their costs and fees in the action.

5. That the Court award the defendants such other relief as may be just and equitable under the circumstances.

DATED: April 28, 2023.

TREG TAYLOR
ATTORNEY GENERAL

By:   s/Kimberly A. Tsaousis/
Kimberly A. Tsaousis
Assistant Attorney General
Alaska Bar No. 1211127

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190   Fax: (907) 276-3697

*Isenhour v. SOA, Bozman*
State of Alaska's Answer
Court Case No. 3HO-23-00063CI
Page 10 of 10
Case 3:23-cv-00104-JMK   Document 5-1   Filed 05/25/23   Page 32 of 49

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT HOMER

Aaron Isenhour,
                          Plaintiff(s),

vs.

State of Alaska Department of Law et al,
                          Defendant(s).

CASE NO:  3HO-23-00063CI

**NOTICE OF PRETRIAL
SCHEDULING CONFERENCE**

To:  Attorneys and Unrepresented Parties

The Pretrial Scheduling Conference in the above case will be held at:

Date:    JUNE 22, 2023                          Time:  3:30pm
Room:   Courtroom 1
Judge:   Bride Seifert
Court:    Homer – telephonic id 1-888-788-0099 id 637 774 2825#

At least one of the attorneys for each party participating in this conference must have authority to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed.  Civil Rule 16(c).

Please be aware of the following deadlines:

1.  The meeting of parties required by Civil Rule 26(f) must be held at least 14 calendar days before the above date.  All attorneys and unrepresented parties are jointly responsible for arranging and attending the meeting and for attempting in good faith to agree on a proposed discovery plan.

2.  Within 10 calendar days after the meeting of the parties, you must:
    a.  submit to the court a written report outlining the proposed discovery plan (addressing the matters listed in Civil Rule 26(f)), and
    b.  complete the initial disclosures required by Civil Rule 26(a).

May 4, 2023
Date

STipikin
Deputy Clerk

I certify that on          5/4/23
I sent a copy of this notice to:

Barber / Tsaousis

Clerk:          STipikin

x

y

z

w

final2

final3

final4

final5

f6

f7

f8

f9

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

| | |
|---|---|
| AARON ISENHOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF ALASKA, DEPARTMENT ) | |
| OF LAW, and DAVID BOZMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | Case No. 3HO-23-00063CI |

## CERTIFICATE OF SERVICE

I certify that on May 5, 2023, true and correct copies of the **Defendants' Notice to State Court of Removal; Exhibit A; and this Certificate of Service** were served on the following via email without error:

Jeffrey J. Barber
Barber and Associates, LLC
jeffb@alaskainjury.com

s/Sabrina L. Stanley/   1:00PM
Sabrina L. Stanley     Time
Law Office Assistant II

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190  Fax: (907) 276-3697

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT HOMER

| | |
|---|---|
| AARON ISENHOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, DEPARTMENT | ) |
| OF LAW, and DAVID BOZMAN, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3HO-23-00063CI |

**DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL**

To:     Clerk of the Court, Superior Court for the State of Alaska,
        Third Judicial District at Homer

Please take notice that on May 5, 2023, Defendants State of Alaska,

Department of Law and David Bozman filed a Notice of Removal to the United States

District Court for the District of Alaska. A copy of said Notice is attached as Exhibit A.

DATED: May 5, 2023.

TREG TAYLOR
ATTORNEY GENERAL


By:     s/Kimberly A. Tsaousis/
        Kimberly A. Tsaousis
        Assistant Attorney General
        Alaska Bar No. 1211127

**Department of Law, Civil Division**
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5190   Fax: (907) 276-3697

TREG TAYLOR
ATTORNEY GENERAL

Kimberly A. Tsaousis (Alaska Bar No. 1211127)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 276-3697
Email: kimberly.tsaousis@alaska.gov

Attorney for State of Alaska, Department of Law, and David Bozman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AARON ISENHOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, DEPARTMENT | ) |
| OF LAW, and DAVID BOZMAN, | ) |
| | ) |
| Defendants. | ) Case No.: |
| | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 USC §§ 1441 and 1446, Defendants State of Alaska,

Department of Law, and David Bozman, through counsel, hereby consent to and remove

the state court action captioned *Isenhour, Aaron (v. SOA, Dept. of Law and David*

*Bozman),* 3HO-23-00063 CI filed in the Superior Court for the State of Alaska,

Third Judicial District at Homer, to the United States District Court for the District of Alaska.

Plaintiff Aaron Isenhour filed a lawsuit against Alaska State Trooper David Bozman and the State of Alaska, Department of Law, alleging various state and federal law claims. The claims against Trooper Bozman fall under the United States Constitution, which may be brought pursuant to 28 U.S.C. §1983. Removal is made pursuant to 28 U.S.C. §1443, 28 U.S.C. §1446, 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. §1441. A copy of the Complaint is attached hereto as Exhibit A. Removal is based on the following:

1.      The action is one which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 because the complaint alleges violations of the United States Constitution and 28 U.S.C. §1983, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action arising under the Constitution, laws, or treaties of the United States.

2.       Written notice of the filing of the notice for removal will also be served on all adverse parties pursuant to 28 U.S.C. §1446(d).

3.      A Notice to State Court of Removal will be filed simultaneously herewith the Clerk of the Trial Courts, the Superior Court for the State of Alaska, in the Third Judicial District at Homer, Case No 3HO-23-00063 CI, along with a copy of this Notice of Removal.

*Isenhour v. SOA, Bozman*                                    Case No.: 3:23-cv-00104-JMK
Defendant's Notice of Removal                                                    Page 2 of 3
Case 3:23-cv-00104-JMK Document 5-1   Filed 05/25/23   Page 37 of 49
Exhibit A, Page 2 of 14

4.      This notice of removal is timely under 28 U.S.C. § 1446(b). The Complaint

filed in Alaska Superior Court, Case No. 3HO-23-00063 CI, and copies of the summons

were received by Trooper Bozman on April 8, 2023. Less than thirty (30) days have

elapsed since the receipt of the Complaint and notice of the federal claims.

Petitioner requests that the above-entitled action be removed from the

Superior Court for the State of Alaska, Third Judicial District, to the United States

District Court for the District of Alaska.

DATED: May 5, 2023.

TREG TAYLOR
ATTORNEY GENERAL


By:     /s/Kimberly A. Tsaousis
        Kimberly A. Tsaousis
        Assistant Attorney General
        Alaska Bar No. 1211127
        Department of Law
        1031 West Fourth Avenue, Ste. 200
        Anchorage, AK 99501
        Phone: (907) 269-5190
        Facsimile: (907) 276-3697
        Email: kimberly.tsaousis@alaska.gov

Certificate of Service
I certify that on May 5, 2023, the foregoing **Defendant's Notice of Removal** was served
electronically on:

Jeffrey J. Barber
Barber and Associates, LLC
jeffb@alaskainjury.com

/s/Kimberly A. Tsaousis
Kimberly A. Tsaousis, Assistant Attorney General

*Isenhour v. SOA, Bozman*                               Case No.: 3:23-cv-00104-JMK
Defendant's Notice of Removal                                         Page 3 of 3
Case 3:23-cv-00104-JMK Document 5-1   Filed 05/25/23   Page 38 of 49
Exhibit A, Page 3 of 14

# BARBER & ASSOCIATES, LLC
### ATTORNEYS AT LAW
### 540 E. FIFTH AVENUE
### ANCHORAGE, ALASKA 99501

Jeff Barber
Adam Winner
Derek Koehler

PHONE: (907) 276-5858
FAX: (907) 276-5817



April 6, 2023

**CERTIFIED MAIL**
**RESTRICTED DELIVERY**
Chief of the Attorney General's Office
State of Alaska, Department of Law
1031 W 4th Avenue, Suite 200
Anchorage, AK 99501

Re:     Aaron Isenhour v State of Alaska, Department of Law and David Bozman,
         Case No. 3HO-23-00063CI

Dear Mr. Taylor:

Enclosed are copies of the following

1.      Complaint;
2.      Summons and Notice to both parties of Judicial assignment.

Thank you.

Sincerely,
BARBER & ASSOCIATES, LLC

s/Jeff Barber

JEFF BARBER
Attorney at Law

4643/L Service.SOA
Enclosures

FILED IN THE ALASKA TRIAL COURTS ON 3/28/2023

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT HOMER

AARON ISENHOUR,                    )
                                   )
              Plaintiff,           )
                                   )
vs.                                )
                                   )   CASE NO.  3HO-23-00063CI
STATE OF ALASKA,                   )
DEPARTMENT OF LAW, and             )
DAVID BOZMAN,                      )
                                   )   SUMMONS AND
              Defendant.           )   NOTICE TO BOTH PARTIES
                                   )   OF JUDICIAL ASSIGNMENT

To Defendant: STATE OF ALASKA, DEPARTMENT OF LAW

You are hereby summoned and required to file with the court a written answer to the complaint which
accompanies this summons. Your answer must be filed with the court at **3670 Lake Street, Homer,
Alaska 99603** within 20 days* after the day you receive this summons. In addition, a copy of your
answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) **JEFF BARBER**, whose
address is: **540 E. 5th Avenue, Anchorage, AK 99501.**

If you fail to file your answer within the required time, a default judgment may be entered against you for
the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in
writing, of your current mailing address and any future changes to your mailing address and telephone
number. You may use court form Notice of Change of Address / Telephone Number (TF-955), available
at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the
court. - OR - If you have an attorney, the attorney must comply with Alaska R.Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendants

You are hereby given notice that:
☑ This case has been assigned to Superior Court Judge _Bride Seifert_
   and to a magistrate judge.
☐ This case has been assigned to District Court Judge _____.

                                        CLERK OF COURT

_4/4/2023_                              By: _____
Date                                         Deputy Clerk

I certify that on _4/4/23_ a copy of this Summons was ☑ Emailed [ ] given to
☑ plaintiff   [ ] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order   [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _DK_

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served
with this summons outside of the United States, you also have 40 days to file your answer.

Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff


IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN HOMER

| | |
|---|---|
| AARON ISENHOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF ALASKA, ) | |
| DEPARTMENT OF LAW and ) | |
| DAVID BOZMAN, ) | |
| ) | |
| Defendants. ) | Case No. 3HO-23-00063CI |

## **COMPLAINT**

The plaintiff AARON ISENHOUR, by and through his attorneys Barber &

Associates, LLC, and for her Complaint against the STATE OF ALASKA, DEPARTMENT

OF LAW and DAVID BOZMAN,  hereby states and alleges as follows:

### **JURISDICTION AND VENUE**

1.      At all times material hereto, the plaintiff was and is a resident of the Third Judicial

4643 / 01 Complaint
Isenhour v State et al.
Page 1

District, Alaska.

2.  At all times material hereto, the State of Alaska, Department of Law is a state entity subject to the jurisdiction of the Third Judicial District.

3.  At all times material hereto, David Bozman was and is a resident of the Third Judicial District.

4.  At all times material hereto, David Bozman was acting under color of law as a Trooper for the State of Alaska.

## FACTUAL BACKGROUND

5.  On November 11, 2022, David Bozman was on duty working as an Alaska State Trooper and purportedly conducted an investigation regarding the plaintiff entering a house which the plaintiff owned with his wife to retrieve some items.

6.  Trooper Bozman understood that the plaintiff and his wife Lauren Isenhour were going through a divorce but there were no written court or divorce documents about the use of the house.

7.  Trooper Bozman understood that the plaintiff had spoken to another Trooper about going the house beforehand.

8.  Trooper Bozman understood that the plaintiff had communicated with Lauren Isenhour about going to the house beforehand.

9.  Trooper Bozman understood that a person commits the crime of criminal trespass in

4643 / 01 Complaint
Isenhour v State et al.
Page 2

the first degree if the person enters or remains unlawfully (1) on land with intent to commit a crime on the land; or (2) in a dwelling.

10.    Trooper Bozman was unaware of any order or law which made it unlawful for the plaintiff to enter the house which he owned with his wife.

11.    Trooper Bozman proceeded to arrest the plaintiff for the crime of criminal trespass in the first degree and took the plaintiff to jail.

12.    By reason of the above, the plaintiff's reputation has been greatly injured and he has been brought to public scandal, disrepute, and disgrace, and has been hindered from following and transacting his affairs and suffered great emotional trauma and harm, deprived of freedom and suffered anxiety, pain, suffering, distress, inconvenience and mental anguish.

13.    Trooper Bozman chose not to speak with the other Trooper whom the plaintiff had spoken with beforehand.

14.    Trooper Bozman knew that there was no threat of impending physical harm.

15.    Trooper Bozman knew that there was no exigency.

16.    Trooper Bozman lacked a reasonable basis to arrest the plaintiff.

17.    Trooper Bozman knew or should have known that it was wrong to arrest the plaintiff and put him in jail and acted with malice or personal ill-will or reckless disregard of plaintiff's right to liberty.

4643 / 01 Complaint
Isenhour v State et al.
Page 3

18.    Trooper Bozman falsely stated in his sworn affidavit that the plaintiff agreed to an arrangement where Lauren Isenhour was physically present at the house to pick up personal items.

19.    On information and belief, Trooper Bozman advised Lauren Isenhour that she should apply for a protective order against the plaintiff.

20.    Trooper Bozman had no indication that the plaintiff ever physically harmed Lauren Isenhour or intended to cause physical harm to her.

21.    Trooper Bozman lacked probable cause or reasonable suspicion to believe that a crime had occurred.

22.    Trooper Bozman failed to reasonably investigate.

24.    Trooper Bozman had a duty to know the law in the area where he worked.

25.    Trooper Bozman acted with reckless or callous indifference to the plaintiff's rights

26.    Alternatively Trooper Bozman was negligent and/or grossly negligent and/or reckless.

## CAUSES OF ACTION AGAINST THE STATE

27.    Plaintiff re-alleges paragraphs 1 to 26 as though fully pled herein.

28.    The State is liable for the actions and/or failures to act of its employees acting in the course and scope of their employment under theories of vicarious liability and/or respondeat superior.

4643 / 01 Complaint
Isenhour v State et al.
Page 4

29.     To the extent that David Bozeman's conduct was negligent or grossly negligent, the State is vicariously liable for wrongfully arresting the plaintiff which was a substantial factor in causing harm to the plaintiff.

30.     The State is liable for false imprisonment of the plaintiff.

## CAUSES OF ACTION AGAINST DAVID BOZMAN

31.     The plaintiff re-alleges paragraphs 1 to 30 as though fully pled herein.

32.     The Fourth Amendment guarantees the right to be free from unreasonable seizure.

33.     David Bozman was acting under color of law in the course and scope of his duties for the State when he unlawfully arrested and jailed the plaintiff.

34.     David Bozman's disregard of the plaintiff known rights was an offense to human dignity.

35.   David Bozman is liable for actions which constitute unreasonable seizure in violation of the State and U.S. Constitutions and laws;

36.   David Bozman is liable for violating the rights of the plaintiff to be free from unreasonable seizure guaranteed by the Alaska Constitution and the United States Constitution, 4th Amendment to the U.S. Constitution, U.S. Statute 42 Section 1983, and United States of America Common Law.

37.     David Bozman is liable for violating the Fourteenth Amendment to the US Constitution for depriving the plaintiff's liberty without due process.

4643 / 01 Complaint
Isenhour v State et al.
Page 5

38.   David Bozman acted with reckless or callous indifference to the plaintiff's rights.

39.   Trooper Bozman acted with malice and in violation of the United States and Alaska Constitutions and 42 U.S.C. § 1983.

40.   David Bozman engaged in reckless and capricious conduct that was unreasonable and/or was with deliberate indifference and/or shocks the conscience.

41.   David Bozman's unreasonable, reckless, malicious and unconstitutional actions without justification directly caused the plaintiff to suffer grievous anxiety, distress, deprivation and injury for which he is liable to the plaintiff.

42.   David Bozman is liable for negligent and/or intentional misrepresentation which was a substantial factor in causing harm to the plaintiff.

43.   David Bozman is liable for fraud which was a substantial factor in causing harm to the plaintiff.

44.   David Bozman's acts and omissions evidenced reckless disregard to the interests of the plaintiff and/or were outrageous and entitle plaintiff to exemplary or punitive damages.

45.   David Bozman's conduct with regard to the plaintiff was so egregious that any reasonable Officer would have known this conduct was unlawful.

46.   David Bozman's conduct regarding the plaintiff was willful, reckless, or intentional misconduct, or was done with gross negligence or malice, entitling plaintiff to damages, including punitive damages.

4643 / 01 Complaint
Isenhour v State et al.
Page 6

47.   To the extent that David Bozman's misconduct described herein so clearly violated U.S. and Alaska law as to which he had clear notice, he was not acting within the scope of his employment, but merely under color of law.

48. Alternatively, David Bozman's conduct regarding the plaintiff was negligent and/or grossly negligent entitling plaintiff to damages.

## PRAYER FOR RELIEF

49.   The defendants are liable for past and/or future: pain, suffering, emotional distress, loss of capacity for enjoyment of life, inconvenience, anxiety, deprivation, humiliation and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

50.   David Bozman is liable to the plaintiff for damages pursuant to 42 U.S.C. § 1983.

51.   David Bozman is liable for exemplary or punitive damages for conduct evidencing reckless disregard to the interests of the plaintiff and/or outrageous conduct.

52.   David Bozman is liable for attorneys fees and litigation expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendants for an amount greater than $100,000 (ONE HUNDRED

4643 / 01 Complaint
Isenhour v State et al.
Page 7

Case 3:23-cv-00104-JMK   Document 5-1   Filed 05/25/23   Page 47 of 49   Page 9 of 11
Exhibit A, Page 12 of 14

THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees, injunctive relief described above, and such other relief as the court deems just.

DATED at Anchorage, Alaska this 30th day of January, 2023.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: __/s/ Jeff Barber__
JEFF BARBER
AK Bar #0111058



BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501

CERTIFIED MAIL®

7021 2720 0003 0591 1288

FIRST-CLASS

US POSTAGE AND PITNEY BOWES

ZIP 99501
02 7H
0006022750

$ 014.99⁰
APR 06 2023

CHIEF OF THE ATTORNEY
GENERAL'S OFFICE
1031 W 4TH AVE, STE 200
ANCHORAGE, AK 99501